**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br>BUTTONWOOD GROUP TRADING, LLC, <br><br>Debtor. | Chapter 7 <br><br> Case No. 13 B 06894 <br><br> Honorable Eugene R. Wedoff |

**NOTICE OF ROUTINE MOTION AND TRUSTEE'S ROUTINE MOTION, PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016, FEDERAL RULE OF CIVIL PROCEDURE 45 AND LOCAL RULE 9013-9(A)(10), FOR THE <u>PRODUCTION OF DOCUMENTS</u>**

PLEASE TAKE NOTICE that on November 12, 2014 at 9:30 a.m., Robert S. Rosenfeld, the duly appointed and serving Chapter 7 trustee ("<u>Trustee</u>") for the estate of Buttonwood Group Trading, LLC (the "<u>Debtor</u>"), by and through his undersigned counsel, shall appear before the Honorable Judge Eugene R. Wedoff or such other bankruptcy judge who is sitting in his stead and hearing motions, in Courtroom 744, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **TRUSTEE'S ROUTINE MOTION, PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016, FEDERAL RULE OF CIVIL PROCEDURE 45 AND LOCAL RULE 9013-9(A)(10), FOR THE PRODUCTION OF DOCUMENTS**, at which time you may appear if you deem fit.

**The proposed order may be entered by the Judge without presentment in open court unless a party in interest notifies the Court of its objection**.

Dated:  November 4, 2014

Respectfully submitted,

KAYE SCHOLER LLP
Madlyn Gleich Primoff, Esq. (Admitted *Pro Hac Vice*)
250 West 55th Street
New York, New York 10019-9710
(212) 836-8000
madlyn.primoff@kayescholer.com

-and-

By:  /s/ Kathryn Schmanski
Kathryn Schmanski
Three First National Plaza
70 West Madison Street, Suite 4200
Chicago, IL 60602-423
(312) 583-2300

kathryn.schmanski@kayescholer.com

*Special Litigation Counsel for Robert S. Rosenfeld, as Chapter 7 Trustee for Buttonwood Group Trading, LLC*

# **CERTIFICATE OF SERVICE**

      I, Kathryn Schmanski, an attorney, certify that the **NOTICE OF ROUTINE MOTION** and **TRUSTEE'S ROUTINE MOTION, PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016, FEDERAL RULE OF CIVIL PROCEDURE 45 AND LOCAL RULE 9013-9(A)(10), FOR THE PRODUCTION OF DOCUMENTS,** were served by electronic notice through the CM/ECF system of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division and by Certified Mail, return-receipt requested, on the parties listed below on November 4, 2014.

                                                                                      /s/ Kathryn Schmanski
                                                                                     Kathryn Schmanski

**Served via CM/ECF:**

- Jason J. Ben          jason.ben@kayescholer.com
- Matthew Johns     mjohns@thompsoncoburn.com; vbedgood@thompsoncoburn.com
- Patrick S. Layng    USTPRegion11.ES.ECF@usdoj.gov
- Peter J. Roberts    proberts@shawfishman.com
- Jeffrey B. Rose     jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- Anthony G. Stamato   anthony.stamato@kayescholer.com
- Bruce L. Wald      bwald@tishlerandwald.com
- Madlyn G. Primoff   mprimoff@kayescholer.com

**Served via U.S. Mail:**

Thompson Coburn LLP
Attn: Matthew Johns
55 East Monroe Street, 37th Floor
Chicago, IL 60603

Thompson Coburn LLP
Attn: Allison Price
One US Bank Plaza
St. Louis, MO 63101
United States of America

Patrick S Layng
U.S. Trustee
Office of the U.S. Trustee, Region 11 219 S Dearborn St
Room 873
Chicago, IL 60604

Bruce L Wald
Tishler & Wald Ltd
200 S Wacker Dr
Suite 3000
Chicago, IL 60606

Erturk Ozbek Revocable Living Trust
2052 N Kenmore
Chicago, IL 60614
Buttonwood Group Trading, LLC 233 South Wacker Drive
Suite 8600
Chicago, IL 60604

Olle Pellijeff
440 Davis Ct
Apt 2104
San Francisco, CA 94111

Robert S. Rosenfeld RSR Consulting LLC
49 Roy Avenue
Massapequa, NY 11758

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> BUTTONWOOD GROUP TRADING, LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 13 B 06894 <br><br> Honorable Eugene R. Wedoff |

**TRUSTEE'S ROUTINE MOTION, PURSUANT TO FEDERAL RULES OF
BANKRUPTCY PROCEDURE 2004 AND 9016, FEDERAL RULE OF CIVIL
PROCEDURE 45 AND LOCAL RULE 9013-9(A)(10),
FOR THE PRODUCTION OF DOCUMENTS**

Robert S. Rosenfeld, the duly appointed and serving Chapter 7 trustee ("Trustee") for the estate of Buttonwood Group Trading, LLC (the "Debtor"), by and through his undersigned counsel, for his motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to Fed. R. Bankr. P. 2004 and 9016, Fed. R. Civ. P. 45 and Local Rule 9013-9(A)(10), (1) requiring Thompson Coburn LLP ("Thompson Coburn") to produce to the Trustee certain documents and other items (the "Requested Documents"), as described further in **Exhibit B** hereto, relating to the acts, conduct, property, liabilities and financial condition of the Debtor and to matters that affect the Trustee's administration of the Debtor's estate, and (2) authorizing the Trustee to issue a subpoena to compel Thompson Coburn to produce the Requested Documents, respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 USC §§ 1408 and 1409(a).

1

3. By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

4. Relief is appropriate pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 45 of the Federal Rules of Civil Procedures and Rule 9013-9(A)(10) of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## FACTUAL AND PROCEDURAL BACKGROUND

5. Prior to January 10, 2013, the Debtor was engaged in the proprietary trading of exchange traded futures and futures options contracts, equity securities, foreign exchange contracts and certain U.S. Government over-the-counter securities.

6. On January 10, 2013, the Debtor made an assignment for the benefit of creditors to Patrick D. Cavanaugh (the "Assignee").

7. On February 22, 2013, an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor, and on April 10, 2013, an order for Chapter 7 relief was entered by the Court. [Docket No. 27].

8. On August 14, 2013 the United States Trustee filed a *Report of Undisputed Election*, providing notice of Mr. Rosenfeld's election as Trustee, and Mr. Rosenfeld accepted the appointment by notice filed August 19, 2013 [*See* Docket Nos. 52, 53]. Since his appointment as Trustee, the Trustee has been conducting an investigation (the "Investigation") into the facts and circumstances leading to the commencement of the Debtor's bankruptcy case and the financial affairs of the Debtor. In connection with his Investigation, the Trustee retained RSR Consulting, LLC ("RSR") as his financial advisor to assist with the Investigation and other matters. As part of the Investigation, the Trustee reviewed the books and records of the Debtor

2

and identified several entities that have information relating to the Debtor and its business, including GuavaTech, Inc. ("GuavaTech"), Newedge USA LLC, Nomura Securities International, Morgan Stanley & Co., and UBS Securities, LLC (the "Brokerage Entities") and Lakeside Bank.  The Trustee requested substantial information from these entities and, where necessary, served subpoenas to compel the production of information and documents.

9. Over the course of his Investigation, the Trustee and RSR have reviewed data equivalent to over 6,000 pages of information.  RSR has analyzed the data provided to it by GuavaTech and the Brokerage Entities.  RSR interviewed and corresponded with numerous third parties, including the Debtor's independent auditors, former employees and members of the Debtor, and other parties.  RSR has also analyzed the Debtor's available accounting records and approximately two years of pre and post-petition banking activity of the Debtor and the Assignee's trust account.

10. Upon information and belief, attorneys at or formerly at Thompson Coburn have served as primary outside counsel for the Debtor.  Thompson Coburn has already provided some documents to the Trustee relating to its prior representation of the Debtor, but, upon information and belief, Thompson Coburn is still in possession of e-mails between Thompson Coburn attorneys and the Debtor and other electronically stored documents relating to the Debtor.  The Trustee is filing this motion to ensure that he receives all documents in Thompson Coburn's possession, custody or control relating to the Debtor.

**RELIEF REQUESTED**

11. Pursuant to Bankruptcy Rule 2004(a), the Court may order the production of documents by Thompson Coburn on motion of any party in interest, including the Trustee.  The information sought from Thompson Coburn may relate to the acts, conduct, or property or to the

3

liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate. Fed. R. Bankr. P. 2004(b). The production of documents may be compelled pursuant to Bankruptcy Rule 9016 and Rule 45 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 2004(c).

12. The Trustee seeks authorization to compel the production of the Requested Documents by issuing a subpoena to Thompson Coburn in substantially the form attached hereto as **Exhibit B**, pursuant to Rule 45 of the Federal Rules of Civil Procedure, adopted in its entirety by Bankruptcy Rule 9016. The requests for production of the Requested Documents are necessary for the Trustee's Investigation. Compliance with the document requests will not be unduly burdensome to Thompson Coburn and can be achieved without undue hardship.

13. The Trustee is responsible for all affairs of Debtor and, accordingly, the Trustee holds the Debtor's rights under any applicable confidentiality agreements and all privileges regarding (1) communications between the Debtor and its attorneys, accountants and other advisors and (2) any work product produced by such attorneys, accountants and other advisors. Therefore no documents should be withheld by Thompson Coburn on grounds of confidentiality or privilege belonging to the Debtor.

## NOTICE

14. Notice of this Motion has been served upon Thompson Coburn, the United States Trustee, and all parties requesting notice in this Case. The Trustee submits that the notice provided is sufficient and appropriate under the circumstances and that no further notice is required. To the extent that this Court determines otherwise, the Trustee requests that further notice be waived and that notice be limited to that already provided.

## RESERVATION OF RIGHTS

15. The Trustee reserves all rights with respect to Thompson Coburn, including, but not limited to, the right to seek any other documents and information relating to the Debtor, and to take testimony in connection with the same.

WHEREFORE, the Trustee respectfully requests the entry of an Order, substantially in the form of **Exhibit A** hereto: (A) requiring Thompson Coburn to produce the Requested Documents; (B) authorizing the Trustee to serve a subpoena on Thompson Coburn to compel production of the Requested Documents; and (C) granting such other and further relief as this Court deems just and proper.

Dated: November 4, 2014          KAYE SCHOLER LLP

Madlyn Gleich Primoff, Esq. (Admitted *Pro Hac Vice*)
250 West 55th Street
New York, New York 10019-9710
(212) 836-8000
mprimoff@kayescholer.com

-and-

By: /s/ Kathryn Schmanski
Kathryn Schmanski
Three First National Plaza
70 West Madison Street, Suite 4200

5

                    Chicago, IL 60602-423
                    (312) 583-2300
                    kathryn.schmanski@kayescholer.com

*Special Litigation Counsel for Robert S. Rosenfeld, as Chapter 7 Trustee for Buttonwood Group Trading, LLC*

6